UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN M. KAMALI and PLAIN-O-GAS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 06-CV-1595-B |
| SUSIE QUINN and CITY OF ROWLETT, TEXAS, | § § § § § | |
| Defendants. | § § | |

### MEMORANDUM ORDER

Before the Court is Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (doc. 6), filed September 8, 2006. The Court GRANTS the motion for the reasons stated below.

### I. Factual and Procedural Background

Plaintiff John M. Kamali is an Iranian citizen and has been a permanent legal resident of the United States since 1977. (Pls.' First Am. Orig. Pet. ["Pet."] at ¶ 2). In 2003, Kamali purchased a convenience store named Dalrock Grocery, located in the City of Rowlett, Texas (the "City"). (*Id.* at ¶ 6). Plaintiff Plain-O-Gas, Inc. is the operating entity for the store. (*Id.*). In May 2004, Kamali submitted an application to sell alcoholic beverages at Dalrock for off-premises consumption. (*Id.* at ¶ 11). The Texas Alcoholic Beverage Code requires that applications for permits or licenses to sell alcoholic beverages be made on forms prescribed by the Texas Alcoholic Beverage Commission. (*Id.* at ¶ 9). The application form includes a section entitled "Certificate of City Secretary" ("Certificate") for the City Secretary's signature certifying: (1) that the premises on which alcohol is to be sold are located in a "wet" area; (2) that the premises are within city boundaries; and (3) that

the issuance of a permit/license is not prohibited by charter or ordinance. (*Id.* at ¶ 10).

Rowlett's City Secretary refused to execute the Certificate included in Kamali's May 2004 application, citing a city ordinance prohibiting the sale of beer and wine within 300 feet of a day care center. (*Id.* at ¶ 11). Kamali twice applied to the Rowlett City Council for a variance of the ordinance, but was denied both times. (*Id.* at ¶ 12). On January 1, 2005, Kamali leased additional space at the Dalrock Grocery site. (*Id.* at ¶ 14). Believing that the leased premises were beyond 300 feet from a day care facility, Kamali submitted multiple applications for an off-premises beer/wine permit, but the City Secretary again refused to sign the Certificate. (*Id.* at ¶¶ 14, 15, 17, 19).

Kamali complains that while the City Secretary repeatedly denied his applications for an alcohol permit, the City Secretary signed the Certificates submitted by his direct competitors, who, Kamali claims, are similarly situated to him. (*Id.* at ¶¶ 18, 21, 24, 25). Kamali admits that, in November 2005, after he originally filed this lawsuit, the City Secretary ultimately signed his Certificate, and that he has been granted a permit by the Texas Alcoholic Beverage Commission to sell beer and wine for off-premise consumption. (*Id.* at ¶ 22). He seeks damages, however, for sales revenue he allegedly would have earned from the sale of beer and wine from June 2004, when his application for a permit was first denied, to December 2005, the month after the City Secretary finally signed his Certificate. (*Id.* at ¶¶ 22, 27). Kamali alleges that the City, the City Secretary, and other appointed City officials conspired to discriminate against him by refusing to sign his Certificate while they had signed Certificates filed by similarly situated applicants. (*Id.* at ¶ 25).

Plaintiffs originally filed this lawsuit in Texas state court on September 16, 2005. On August 23, 2006, they filed an amended petition asserting state law claims against the City for fraud, negligent misrepresentation, "breach of duty", and "statutory breaches", and a federal claim under

2

42 U.S.C. § 1983 for alleged violations of constitutional rights. On August 31, 2006, Defendants removed the case to this Court on the basis of federal question jurisdiction. On September 8, 2006, Defendants filed a motion to partially dismiss Plaintiffs' state law claims under Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiffs never filed a response to the motion, which is now ripe for review and determination.

## II. Analysis

### A.    Standards for Dismissal Under Rule 12(b)(6)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court liberally construes the complaint in the plaintiff's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Unless it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief, the complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

### B.    The City is Entitled to Governmental Immunity[1] as to Plaintiffs' Tort Claims

The City first argues that Plaintiffs' tort-based claims must be dismissed because the City enjoys governmental immunity from suit on those claims. Under Texas law a municipality is immune from tort liability for performing governmental functions unless the Texas legislature has waived that immunity. *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 341

---

[1] The Texas Supreme Court has clarified that the term "sovereign immunity" refers to immunity from suit of the State and its various divisions, including agencies, boards, hospitals, and universities. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). "Governmental immunity", on the other hand, refers to the immunity of political subdivisions of the State, including counties, cities, and school districts. *Id.*

(Tex. 1998); *City of La Porte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995) ("A city is immune from liability for its governmental actions, unless that immunity is waived."). The Texas Tort Claims Act ("TTCA") defines "governmental functions" as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public[.]" TEX. CIV. PRAC. & REM. CODE § 101.0215. In Texas, "the issuance and denial of permits has been held to be a governmental function." *Maguire Oil Co. v. City of Houston*, 69 S.W.3d 350, 364-65 (Tex. App. – Texarkana 2002, pet. denied) (citing *Trevino & Gonzalez Co. v. R.F. Muller Co.*, 949 S.W.2d 39, 42 (Tex. App. – San Antonio 1997, no writ)). The Court thus finds that the City's actions with respect to applications for alcohol permits constitute governmental functions. Accordingly, the City is immune from liability for torts arising out of such actions unless that immunity has been waived.

The TTCA expressly excludes intentional torts, including fraud, from any waiver of immunity. TEX. CIV. PRAC. & REM. CODE § 101.057(2). Plaintiffs' fraud claim against the City is thus barred as a matter of law. In fact, the TTCA waives immunity for only two types of specified claims – those where (1) "property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment" and (2) where personal injury and death is caused by "a condition or use of tangible personal or real property". TEX. CIV. PRAC. & REM. CODE § 101.021. Plaintiffs here have failed to allege that their injuries arose from the use of a motor vehicle or from the use of tangible personal property or real property. The City's governmental immunity has thus not been waived with respect to Plaintiff's negligent misrepresentation claim.

**B.    Plaintiffs' Purported Claims for "Breach of Duty" and "Statutory Breaches" Must be Dismissed**

Plaintiffs' remaining state law claims are so vague and amorphous that they fail to state a claim upon which relief can be granted as a matter of law. Plaintiffs purport to bring a cause of action for "breach of duty" arising out of the City's alleged "statutory obligation to certify Plaintiffs' application for a beer and wine sales permit". (Pet. at ¶ 32). Plaintiffs also claim that the City "has breached the statutory duty it owed Plaintiffs as provided by Chapters 101 and 106 of the Texas Civil Practices and Remedies Code." (*Id.* at ¶ 33). Plaintiffs fail to identify the specific statutory provisions, however, that purportedly afford them a private right of action against the City, nor have they alleged that the City has waived its governmental immunity as to any such causes of action, assuming that they exist. *See City of Houston v. Boyle*, 148 S.W.3d 171, 176 (Tex. App. – Houston [1st Dist.] 2004, no pet.) ("The burden is on the plaintiff to establish subject-matter jurisdiction by showing that the entity has waived immunity from suit."). In short, Plaintiffs have failed to state a claim upon which relief can be granted with respect to its so-called claims for "breach of duty" and "statutory breaches". The Court notes that Plaintiffs had an opportunity to explain the basis for those claims by filing a response to Defendants' motion to dismiss, yet they elected to forego that opportunity.

**C.     Defendant Quinn Must be Dismissed**

Defendants also move for the dismissal of Susie Quinn as a party in this matter. Though Quinn is named as a Defendant in the caption of Plaintiffs' First Amended Original Petition, that is the only place where her name appears, and there is no basis set forth in the petition for holding Quinn liable for anything. Indeed, Plaintiffs allege that they seek damages "from only Rowlett" (Pet. at ¶ 23), and in asserting the various "counts" under which they seek relief, Plaintiffs only mention the City and fail to mention Quinn entirely. As Plaintiffs have failed to state a claim against

5

Defendant Quinn, the Court finds that she should be dismissed from this suit.

### III. Conclusion

For the reasons stated above, the Court GRANTS Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6). Plaintiffs' claims against the City for fraud, negligent misrepresentation, "Breach of Duty", and "Statutory Breaches" are accordingly DISMISSED with prejudice. Additionally, all claims asserted against Defendant Susie Quinn are DISMISSED with prejudice.

**SO ORDERED.**

**SIGNED December 19th, 2006**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE